SOUTH SIDE MALLEABLE CASTING COMPANY, Respondent, vs. FOUR WHEEL DRIVE AUTO COMPANY, Appellant.

*February 9—May 3, 1921.*

*Appeal and error: Equal division of court.*

Where the justices of the supreme court are equally divided in opinion on the question involved on an appeal, the order appealed from will be affirmed.

APPEAL from an order of the circuit court for Waupaca county: BYRON B. PARK, Circuit Judge. *Affirmed.*

This action is brought by plaintiff to recover the alleged contract price for castings furnished by plaintiff to defendant between January 28 and March 23, 1918. These castings were delivered by plaintiff to defendant. Defendant refused to pay for them on the ground that the castings contained cracks and blow-holes and were otherwise defective and unfit for the purposes for which they were intended. Plaintiff claims that a certain change was made in the pattern for the castings by defendant on January 26, 1918; that this change was made by an agent of the defendant; that this change in the equipment was the cause of the defects of which defendant complains.

The case was tried before the court and a jury. By a special verdict the jury found that the defects in the castings were not caused by the change in pattern ordered by defendant's agent; that plaintiff's agent, who was informed of this change, had the authority to accept the change in equipment ordered by defendant's agent; that the plaintiff, in the exercise of ordinary care, should have discovered that the castings were cracked after the change made in the pattern equipment, and that the plaintiff should have discovered that the castings were cracked after 300 had been cast.

The court filed a decision holding that the jury's answer

to the effect that the defects were not caused by the change in the pattern equipment was contrary to the preponderance of the evidence and that the production of 300 was too small a number of castings to enable plaintiff, in the exercise of ordinary care, to have discovered the defects in the castings. A new trial was granted. Defendant applied to the court to reconsider its decision, alleging that not only was there ample evidence to sustain the answers to the questions above mentioned, but that in any event it was entitled to judgment on the answers of the special verdict which had been allowed to stand. The court filed a second decision reaffirming the first decision, and ordered that the special verdict be set aside and a new trial had and that plaintiff pay the costs of the trial resulting in this verdict. This is an appeal from such order.

For the appellant there were briefs by *Otto L. Olen* and *Llewellyn Cole* of Clintonville and *Miller, Mack & Fairchild* of Milwaukee, and oral argument by *Mr. J. G. Hardgrove* of Milwaukee and *Mr. Cole.*

*Edgar L. Wood* of Milwaukee and *P. H. Martin* of Green Bay, for the respondent.

The following opinion was filed March 8, 1921:

SIEBECKER, C. J. Mr. Justice ROSENBERRY, Mr. Justice ESCHWEILER, and Mr. Justice OWEN are of the opinion that the order granting a new trial should be reversed. Mr. Justice VINJE, Mr. Justice JONES, and the writer are of the opinion that it should be affirmed. This, under the rule, requires an affirmance of the order. *Johnston v. West Allis,* 173 Wis. 463, 180 N. W. 121.

*By the Court.*—The order appealed from is affirmed.

A motion for a rehearing was denied, with $25 costs, on May 3, 1921.